UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| IN RE TERENCE QUINN O'NEIL<br><br>TERENCE QUINN O'NEIL,<br>    Appellant,<br><br>    v.<br><br>JP MORGAN CHASE BANK and TFBG HOLDINGS, INC.,<br>    Appellees. | No. 3:13mc00176 (SRU) |

### RULING ON MOTION FOR LEAVE TO APPEAL

Terence Quinn O'Neil moves for leave to appeal from the order of the United States Bankruptcy Court for the District of Connecticut, dated October 17, 2013, denying his motion to vacate an order for sale of real property. (Bankr. No. 12-50192 (AHWS), doc. # 297). For the reasons that follow, O'Neil's motion for leave to appeal is **DENIED**.

**I.  Background**

The Bankruptcy Court issued an order for sale of real property ("the Order"), made effective on November 28, 2012. On October 17, 2013, O'Neil moved to vacate the Order, arguing that the agreement underlying the Order was breached by the opposing parties. In that agreement, reached during a hearing before the Bankruptcy Court, the parties agreed to a timeline by which the subject property, O'Neil's multimillion dollar residence in Greenwich, Connecticut, would be sold. In general terms, the agreement contemplated that O'Neil would have approximately one year to try to sell the property and, after that period (the "Sale Period"), if O'Neil were unable to sell the property, the Court would hold an auction. Fearing that knowledge of this agreement would hinder his ability to realize a full, fair market price for the

1

property during the Sale Period, O'Neil asked the Bankruptcy Court to seal the agreement and court proceedings referencing the terms of the agreement. The parties consented to placing the proceedings of that day, November 18, 2012, under seal. The Bankruptcy Court expressed concerns about an agreement to shield otherwise open proceedings from public view, but agreed to seal the proceedings. On August 27, 2013, the Bankruptcy Court removed the seal, acknowledging that granting the seal was a mistake and that it should not have been entered. O'Neil argues that removal of the seal has "collectively corrupted and destroyed the November 28, 2012 agreement [and that he] has not received the benefits of a deal that was laboriously negotiated, accepted, agreed and sanctioned by the Court," Motion to Vacate at ¶ 10, and believes that if the general public is made aware of the agreement, "[i]n this tiny, highly competitive marketplace, leaked information would spread quickly, with devastating consequences," *id.* at ¶ 3.

On October 17, 2013, O'Neil moved to vacate the Sale Order, citing alleged breaches of the agreement and requesting the remedy of a new "13-month 'Sale Period' with original confidentiality provisions restored, and to sanction Plaintiffs by restricting their payouts – under liquidation of the state by any means – to the principal amounts of their loans." *Id.* at ¶ 11. The Bankruptcy Court denied that motion on November 12, 2013. O'Neil filed a Notice of Appeal of on November 21, 2013 and filed a Motion for Leave to Appeal on December 9, 2013. Defendant TFBG Holdings, Inc. filed a Motion to Dismiss O'Neil's appeal on December 5, 2013.

**II.     Discussion**

Federal district courts have jurisdiction to hear appeals from final judgments, orders, and decrees of the Bankruptcy Court under 28 U.S.C. § 158(a)(1). *In re Flanagan*, 415 B.R. 29, 38 (D. Conn. 2009). In the bankruptcy context, the finality standard is somewhat more flexible than

in the civil context, and may also include one that "finally disposes of discrete disputes within the larger case." *In re Johns-Manville Corp.*, 824 F.2d 176, 179 (2d Cir. 1987). An order may also be appealable as of right if it falls within the "collateral order" exception. *In re AroChem Corp.*, 198 B.R. 425 (D. Conn. 1996). To do so, the order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment. *Id.* at 427 (citing *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468 (1978); *Cohen v. Industrial Loan Corp.,* 337 U.S. 541 (1949)). The Bankruptcy Court's order denying O'Neil's motion to vacate the sale order is clearly not final. The Sale Order, the defendant correctly notes, "is merely a procedural order providing a timetable and general terms for the private sale or auction of the subject property . . . ." The Sale Order, although it sets forth some procedures for execution of the sale, does not govern the ultimate disposition of the claims between O'Neil and the creditors. Any sale of the property or disbursement of proceeds is subject to the Bankruptcy Court's approval.

A district court can also grant leave to hear appeals from the interlocutory orders of bankruptcy judges under 28 U.S.C. § 158(a). To determine whether it is proper to hear an appeal from a bankruptcy court's interlocutory order, I must look to the standards courts of appeals use to determine whether they may hear interlocutory appeals from a district court order. 28 U.S.C. § 158(c)(2). Leave to accept an interlocutory appeal may be granted when (1) the order appealed from involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). In addition, the party seeking an interlocutory appeal must show "exceptional circumstances." *Coopers & Lybrand*, 437 U.S. at 475. Neither order here involves a controlling issue of law over which there is substantial

ground for difference of opinion nor will immediate appeal from them materially advance the termination of the bankruptcy case. In fact, appeal of the Sale Order or the denial of the motion to vacate the sale order would serve to slow the completion of the bankruptcy proceedings. Finally, although the sale of one's family home is a difficult prospect to face, there are no exceptional circumstances warranting appeal from the Bankruptcy Court's interlocutory orders.

**III.     Conclusion**

For the reasons stated above, the motion for leave to appeal is **DENIED**.

It is so ordered.

Dated at Bridgeport, Connecticut, this 15th day of January 2014.

      /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge